**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

PATRICIA AIKEN,

        Plaintiff,

vs.

THOMAS M. SNEE, *et al.*,

        Defendants.

2:15-cv-00227-JAD-VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

This matter involves *pro se* Plaintiff Patricia Aiken's claim for breach of contract against Defendants Thomas M. Snee, Hahn Ngyen, Ionetics, Inc. ("Ionetics"), Angioprim, Inc. ("Angioprim"), and Cardioprim, Inc. ("Cardioprim"). Before the court is Plaintiff's Application to proceed *in forma pauperis* (#1[1]) and Complaint (#1-2). For the reasons discussed below, Plaintiff's Application to proceed *in forma pauperis* is granted and it is recommended that her Complaint be dismissed with prejudice.

**BACKGROUND**

The following allegations are taken from Plaintiff Aiken's Complaint (#1-2 at 1-5) and an affidavit from August 12, 2013 (*Id.* at 6-15) incorporated by reference within (*Id.* at 4: ¶11) and attached to the Complaint. They are presented as if they are true.[2]

Defendant Snee recruited Plaintiff around December 31, 2009 by phone to work for him in Las Vegas, offering to provide her a house, car, and "opportunity to make a lot of money." (#1-2 at 6: ¶1).

---

[1] Parenthetical citations refer to the court's docket.
[2] In evaluating whether pleadings state a plausible claim for relief, courts generally accept the allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff arrived in Las Vegas, from Spokane, Washington, to begin work on January 9, 2010. (*Id.*). Plaintiff worked for Defendants Snee, Ionetics, Angioprim, and Cardioprim for three-and-a-half years. (*Id.* at 3: ¶1). Plaintiff marketed Cardioprim through the internet, a weekly radio show, and contact with alternative care physicians. (*Id.* at 8: ¶11-¶12). Plaintiff managed the herb/encapsulation room and worked on marketing for Angioprim. (*Id.* at 9: ¶15-¶16). Plaintiff was also involved with marketing for Ionetics (*Id.* at 9: ¶17).

Plaintiff provided services to Defendant Snee. She assisted with his computer, including transporting his computer to and from the local repair shop. (#1-2 at 9: ¶14). In August of 2011, Plaintiff began piloting and working on plane maintenance for Defendant Snee. (*Id.* at 10: ¶19-¶20). Plaintiff has advised Defendant Snee on natural remedies, administering Reiki treatments at his home sometimes four to five times a week. (*Id.* at 10: ¶21). Plaintiff provided services on Defendant Snee's RV. (*Id.* at 11: ¶23).

Plaintiff worked "without compensation" (#1-2 at 3: ¶4) based on Defendant Snee's "repeated promises" to will Cardioprim to Plaintiff. (*Id.* at 3: ¶5). The promises were oral. (*Id.* at 4: ¶5). The "only compensation" Plaintiff has received for her work has been rent, utilities when she has not had a roommate to defray the cost, a debit card for expenses such as gas and food, and "sporadic cash of usually $100 or $50." (*Id.* at 11: ¶22). When beginning to work for Defendants in January 2010, Plaintiff was provided a one-room, 465 square-foot unit at a Budget Suites. (*Id.* at 6: ¶1; 7: ¶8). On July 15, 2012, Plaintiff moved into a 2800 square foot town home. (*Id.* at 7: ¶8 & 8: ¶9). Defendant Snee or one of the Defendant companies paid Plaintiff's rent throughout this period. (*Id.* at 8: ¶10). A car was rented for Plaintiff beginning in April 2010. (*Id.* at 6: ¶2). Some time later, Defendant Snee purchased a car for Plaintiff's use. (*Id.* at 6: ¶3).

Defendant Snee was hospitalized on June 23, 2013. (#1-2 at 7: ¶4). Plaintiff states that he began to act irrationally at this time. (*Id.* at 7: ¶5). He also stated "that he was turning the business over and

would call the bank and make [Plaintiff] a signer on the Cardioprim account." (*Id.* at 7: ¶6). He returned to the hospital and never "fulfilled that agreement." (*Id.*). Defendant Snee has been diagnosed with brain atrophy. (*Id.* at 11: ¶24). According to Defendant Snee's agent Layne, Defendant's companies are "all a house of cards." (*Id.* at 12: ¶29). When trying to discuss safeguarding the companies, Defendant Snee's son was hostile to Plaintiff. (*Id.*).

Plaintiff has come to feel that her "wellbeing is in jeopardy." (#1-2 at 15: ¶38). Defendant Snee failed to pay for contracts that Plaintiff signed for, resulting in "collections against" Plaintiff. (*Id.* at 9: ¶13 & 4: ¶9). Defendants Snee and Ngyen failed to pay Plaintiff's rent, fix Plaintiff's car, or put money into the account that Plaintiff uses for expenses in August 2013. (*Id.* at 11: ¶25). There are no allegations specifically raised about the period after August 2013. Feeling that the actions if 2013 terminated her employment (*Id.* at 4: ¶6-2), Plaintiff requests judgment against Defendants for $200,000 for labor, punitive damages, and relief from Defendant Snee's agent Layne Barlow. (*Id.* at 5). Plaintiff Ngyen is included as a Defendant because Plaintiff has placed his property under her name and she is his business partner. (*Id.* at 4: ¶7). All Defendants have breached or were co-conspirators in breaching the oral contract and have received unjust enrichment. (*Id.* at 4: ¶10). Plaintiff requests a hearing for all matters concerning her Complaint. (*Id.* at 5).

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) whether Plaintiff's Complaint states a plausible claim that this court has authority to hear.

**I.     Plaintiff may Proceed *in forma pauperis***

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefore, by a person who submits an affidavit that includes a statement showing the person is

unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff submitted a financial affidavit. (#1). Plaintiff is currently unemployed, though she received commissions from a company that is no longer in business sometime within the past 12 months. (*Id.* at 1). She received approximately $600 in donations this month from people she has "shared energy work with." (*Id.*). Her regular monthly expenses total more than $1,200.00. (*Id.* at 2). She is currently $900.00 behind on rent and owes a friend $2,000.00. (*Id.*). Therefore, Plaintiff's Application to proceed *in forma pauperis* is granted.

**II.**   **Whether Plaintiff's Complaint is Frivolous, Malicious, or Fails to State a Plausible Claim**

Because the court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Plaintiff's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*A. Legal Standard*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, in evaluating whether a plaintiff has met a pleading standard, courts are directed to hold *pro se* litigants to "less stringent standards." *See Haines*, 404 U.S. at 520; *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). *Pro se* complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes*, 449 U.S. at 10 (citing *Haines*, 404 U.S. at 520-521). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (internal citation omitted).

### *B. Analyzing Plaintiff's Complaint for Jurisdiction*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). There are two statutory bases for a federal court's jurisdiction: federal question jurisdiction and diversity jurisdiction. Federal courts have federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not bring this case to federal court based on federal question jurisdiction. Plaintiff's one claim in her Complaint (#1-2) is for breach of contract. A breach of contract claim arises under state law. *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 686 (9th Cir. 2007). It does not implicate a federal question on its face. *Id*.

In addition to federal question jurisdiction, federal courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between (1) citizens of different states." 28 U.S.C. § 1332. "The amount in controversy alleged by the proponent of federal jurisdiction-typically the plaintiff in the substantive dispute-controls so long as the claim is made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

Plaintiff alleges $200,000 in compensatory damages. (#1-2 at 5). This covers three-and-a-half years of work (*Id.* at 3: ¶1), providing a good-faith basis for the amount. It is not a legal certainty that the claim is actually worth less than $75,000. The amount in controversy satisfies the requirement for diversity jurisdiction.

28 U.S.C. § 1332 requires complete diversity, *i.e.*, no plaintiff may be a citizen of the same state as any defendant. *See Lincoln Prop Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v. Curtis*, 7

U.S. 267 (1806)). In determining whether the parties are citizens of different states, the court looks to the parties' domiciles.

> For the purposes of diversity jurisdiction, a United States citizen is considered a citizen of the state in which he is domiciled. A person is domiciled in a location when he has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely. In determining diversity, the relevant domicile is the one at the time of the lawsuit's filing.

*Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826 (D. Nev. 1988) (internal quotation marks omitted). Plaintiff alleges that she is a Nevada resident. (#1-2 at 1).

Where a corporation is a party, section 1332(c)(1) provides that the "corporation shall be deemed to be a citizen of any State by which it has been incorporated ***and*** of the State where it has its principal place of business." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (emphasis added). Plaintiff alleges that the principal place of business, or the "nerve center," for Angioprim is Florida. (#1-2 at 2: ¶3a). This is based on the location of the manager's home, where he does business. (*Id.*). No state of incorporation is listed for Angioprim. (*Id.*). Plaintiff alleges that, "[a]lthough the state of Minnesota shows Ionetics, Inc. to be inactive, the principle business of Ionetics, Inc. consists of water filter products assembled and shipped by Nelsen Corporation headquartered in Norton, Ohio." (*Id.* at 2: ¶3b). Plaintiff alleges that Cardioprim is an inactive Minnesota corporation. (*Id.* at 2: ¶3c). On its face, the Complaint states sufficient basis for find that these Defendants are not citizens of Nevada. These three defendants fulfill the requirement for diversity jurisdiction.

Plaintiff's allegations for the domicile of the two individual defendants are insufficient on their face. Plaintiff alleges that Defendant Snee had an Arizona driver's license at the "time of the Cause of Action." (#1-2 at 2: ¶1). However, the relevant period is the time that the Complaint was filed. *Abbott*, 718 F. Supp. at 826. Plaintiff lists Defendant's residence as a Nevada address in the Complaint. (#1-2 at

1). Plaintiff's assertion that "Diversity is maintained," (*Id.*) carries no weight, as it is a legal conclusion unsupported by the facts. *Iqbal*, 556 U.S. at 678. Though Plaintiff is held to a less stringent standard due to her *pro se* status, the burden is on her to establish diversity citizenship. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). She has not met this burden.

Plaintiff alleges Defendant Ngyen is a Vietamese immigrant, and that, as a resident alien, she cannot be considered a citizen of Nevada. (#1-2 at 2: ¶2). However, Congress dictated the exact opposite outcome when it amended the statute defining diversity jurisdiction in 1988. Judicial Improvements and Access to Justice Act, Pub. L. No. 100–702, § 203, 102 Stat. 4642, 4646 (1988). As amended, 28 U.S.C. § 1332 states, "district courts shall not have original jurisdiction under [diversity jurisdiction] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Plaintiff does not make any allegations regarding the legal status of Defendant Ngyen. Under the facts of the Complaint, Defendant Ngyen is a resident of Nevada. (#1-2 at 1). Even if she is a citizen of Vietnam, she is treated as a citizen of the state of Nevada if she is a legal permanent resident.

This action is brought to the court based on diversity jurisdiction, which requires complete diversity. 28 U.S.C. § 1332. Because two of the parties do not fit the qualifications for diversity jurisdiction, the court recommends that Plaintiff's Complaint (#1-2) be dismissed with prejudice. It is impossible to cure the subject-matter jurisdiction deficiencies in the Complaint by amendment. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 & 574-575 (2004) ("[J]urisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit…Unless the Court is to manufacture a brand-new exception to the time-of-filing rule, dismissal for lack of subject-matter jurisdiction is the only option available in this case.") (internal citation omitted).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Plaintiff's Complaint (#1-2) be DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

…

…

…

…

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 14th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE